IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 17-90-01 |
| MARK MANIGAULT | : | |

# **O R D E R**

**AND NOW**, this  31st  day of January, 2020, upon consideration of Defendant, Mark Manigault's Motion for Hearing Pursuant to *Franks v. Delaware* (ECF No. 57), and Motion for Evidentiary Hearing for Dismissal (ECF No. 110), and Supplemental Memorandum of Law in Support of Motion for Evidentiary Hearing for Dismissal (ECF No. 129), it is **ORDERED** that the Motions for evidentiary hearing are **DISMISSED as MOOT,** and Defendant's motion to dismiss the Indictment, or in the alternative, to suppress the video evidence in this case is **DENIED**.[1]

---

[1] Both Motions relate to Defendant's allegations that Detective Slobodian lied about certain facts associated with this case. In the first Motion, Defendant requests a *Franks* hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), alleging there are omissions and falsehoods asserted by Detective Slobodian in the affidavit of probable cause supporting the October 5, 2016 arrest warrant for his arrest. (ECF No. 57.) In the next Motion, Defendant requests that the Court dismiss the Indictment, or in the alternative, suppress the video evidence "as a sanction for prosecutorial misconduct." (ECF No. 110.) In support of this Motion, he alleges that Detective Slobodian lied about whether he (as opposed to Detective Kimmel) recovered the video evidence from the private residence on the 5400 block of Osage Avenue, and also lied about whether a search warrant was secured to recover the video. Defendant contends that Detective Slobodian's "perjury" and "prosecutorial misconduct" justify dismissal of the Indictment, or in the alternative, suppression of the video evidence.

We first address Detective Slobodian's affidavit of probable cause, which supported the October 5, 2016 arrest warrant for Defendant. "In *Franks v. Delaware*, the Supreme Court held that the Fourth Amendment entitles a criminal defendant to an opportunity to overcome the presumption of validity of an affidavit of probable cause by proving both (1) that the affidavit contained a false statement made knowingly and intentionally, or with reckless disregard for the truth, and (2) that once the allegedly false statement is removed, the remainder of the affidavit is

IT IS SO ORDERED.

BY THE COURT:

*C.S.H.*

_____
R. BARCLAY SURRICK, J.

---

insufficient to establish probable cause." *United States v. Gordon*, 664 F. App'x 242, 244-45 (3d Cir. 2016).

Defendant established neither of these showings required for entitlement to a *Franks* hearing. Nevertheless, Defendant was permitted an opportunity to examine witnesses and present evidence to support his contention that the arrest warrant affidavit contained omissions and falsities. Based upon the evidence and testimony presented during the five days of pretrial hearings in this case, we are satisfied that the affidavit of probable cause contains no falsities or omissions. Defendant first alleges a discrepancy about the color of the firearms. The police officers described one firearm as black and one firearm as silver. The affidavit describes both firearms as black. Detective Slobodian testified that he considered one firearm to be black and not silver. This is not a misstatement of fact, but rather a difference of opinion. One of the firearms has been described as a silver handgun with a black handle. (11/15/18 Hr'g Tr. 27, 98, ECF No. 107.) Defendant also alleges that Detective Slobodian misstated in the affidavit that he "processed" the crime scene and recovered the firearms because the CAD report states that Officer Roher and Officer Olesik recovered the firearms. Again, this is not a misstatement. Both police officers testified that they did not recover the firearms. Detective Slobodian recovered the firearms. There is no testimony or evidence in the record to contradict this. Defendant asserts no basis to suppress evidence under *Franks*.

Next, we address Defendant's allegations that Detective Slobodian committed perjury as a basis to dismiss the Indictment or suppress the video evidence in this case. Defendant first alleges that Detective Slobodian lied when he said that Detective Kimmel retrieved the video evidence from the private residence. Defendant believes that it was actually Detective Slobodian who collected the video and he is lying to cover up that he somehow manipulated the videotape. The evidence does not support this theory. Both Detective Kimmel and Detective Slobodian testified that it was Detective Kimmel who retrieved the video evidence from the private residence. (2/8/19 Hr'g Tr. 8-15, ECF No. 131; 11/15/18 Hr'g Tr. 103-04.) In addition, contrary to Defendant's belief, there is no evidence that there was ever a search warrant created to access the video from the private residence. Multiple witnesses have confirmed this. Assistant District Attorney Laquan Lightfoot stated that she misspoke at Defendant's preliminary hearing when she said that there was a search warrant. (2/1/19 Hr'g Tr. 24, ECF No. 126.) She went on to say that Detective Slobodian did not need a search warrant for a private residence. (*Id*. at 24-25.) There is no evidence in the record that Detective Slobodian committed perjury.