IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 17-90-01 |
| MARK MANIGAULT | : | |

**O R D E R**

**AND NOW**, this  31st  day of January, 2020, upon consideration of Defendant, Mark Manigault's Motion for Hearing Relating to the Introduction of Evidence and/or Motion *in Limine* (ECF No. 62); *Pro Se* Motion for Evidentiary Hearing Pursuant to Federal Rules of Evidence, Rule 901 (ECF Nos. 63 and 66); Supplemental Memorandum of Law in Support of Motion for Evidentiary Hearing Pursuant to Federal Rules of Evidence, Rules 901, 1002, and 1003 (ECF No. 145); Motion to Suppress Video Evidence and Dismiss the Indictment (ECF No. 163); and Supplemental Memorandum in Support of Defendant's Motions under Docket #'s 62 and 66 (ECF No. 191); it is **ORDERED** that the Motions for Evidentiary Hearing (ECF Nos. 62, 63, 66) are **DISMISSED as MOOT**, and the Motion to Suppress Video Evidence and Dismiss the Indictment (ECF No. 163) is **DENIED**.[1]

---

[1] By these Motions, Defendant raises various arguments regarding the authenticity of the video surveillance evidence that was recovered by Detective Michael Kimmel from the private residence on the 5400 block of Osage Avenue (the "Residence Video"). Defendant requested a hearing to address the authenticity of videotapes under Rule 901 of the Federal Rules of Evidence (ECF Nos. 62, 63, 66.) That request was granted, and hearings were held on November 14-16, 2018; January 30, 2019; February 1, 2019; February 8, 2019; and March 19, 2019. Defendant and the Government presented witnesses and testimony during those hearings. Defendant had the benefit of two investigators and an expert. Based upon the extensive record, there are no issues with authentication of the Residence Video that warrant dismissal of the Indictment or suppression of the video. We will address each of Defendant's arguments.

First, Defendant contends that the Government failed to provide a complete video of the events that occurred during the night in question. Specifically, he requests "production of the full video where it would show the vehicle (where allegedly the firearm was discovered) when it

was parked at that location, to show if anybody else was at the same location during the time after it was parked there." (ECF No. 62.) Defendant relies on Rule 106 of the Federal Rules of Evidence, which provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at that time." Fed. R. Evid. 106. The doctrine of completeness, which is described by Rule 106, only allows for additional portions of a recording "if it is necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding." *United States v. Hoffecker*, 530 F.3d 137, 192 (3d Cir. 2008) (citation omitted). The Government has represented that it has produced all portions of the video surveillance in its possession. During its investigation, it observed the portion of the video that corresponded to the time frame being investigated. The Government was under no obligation to provide the entirety of the video. If Defendant wished to obtain other portions of the video, there was nothing preventing him from doing so – the Court appointed him two investigators during his case. Defendant has not demonstrated why any other portion of the video may be necessary under Rule 106.

Second, Defendant contends that the Government is unable to properly authenticate the Residence Video under Rule 901 of the Federal Rules of Evidence. Rule 901 states that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "One way to establish authentication is to show the chain of custody for the evidence." *United States v. Figueroa*, No. 08-38, 2010 WL 2136566, at *5 (E.D. Pa. May 25, 2010). Detective Kimmel, who recovered the Residence Video, is a video recovery specialist and has extensive training on how to recover video evidence. He testified about how he downloaded the video onto his phone using the telephone application associated with the homeowner's security system, NightOwl, and then downloaded the video on his computer back at the police station. He further testified that the Residence Video shown to the Court was the was the same video he recovered from the private residence. (11/15/18 Hr'g Tr. 128-131.) Based upon this evidence, we see no issues with the authentication of the Residence Video. *See United States v. Pasley*, 629 F. App'x 378, 381 (3d Cir. 2015) (affirming finding that copy of surveillance video was properly authenticated upon testimony from officer that it was an unaltered copy).

Third, Defendant argues that the Government failed to meet its discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and that, as a result, his due process and Speedy Trial Act rights have been violated. A *Brady* violation occurs when the Government fails to disclose evidence materially favorable to the accused, including exculpatory evidence. *Id*. at 87; *United States v. Bagley*, 473 U.S. 667, 676 (1985). Specifically, Defendant claims that the Government engaged in a "pattern of misconduct" by not providing discovery to him in a timely matter. He alleges that he did not receive the PARs report in a timely manner. The PARs report is not exculpatory and not materially favorable to the accused. It shows that Defendant was released from state custody on September 30, 2016. This is not exculpatory, nor does it show that the police did anything improper. In addition, the consent form signed by the homeowner on the 5400 block of Osage Avenue is not exculpatory or material evidence. Defendant contends that had he received the consent form earlier in this case, he would have sought the advice of a forensic expert. Defendant was provided a forensic expert who did an extensive analysis of all

**IT IS SO ORDERED.**

                                                **BY THE COURT:**

                                                _____

                                                **R. BARCLAY SURRICK, J.**

---

evidence available associated with the Residence Video. He was unable to conclude that anything improper occurred in recovery and maintenance of the Residence Video.

      Finally, Defendant contends that the Residence Video presented to the Court either must have been tampered with, or it must not be the video that was recovered by Detective Kimmel. In support of this, Defendant points to a notation that appears on the video played to the Court, which reads—"2016_09_30_12_36_56." (McCurdle Rept. (on file with Court).) Defendant argues that this is a bates stamp that automatically attaches to the video the moment it is downloaded from the security camera phone application, NightOwl Mobile, and that it confirms that the video was recovered on September 30, 2016. Thus, according to Defendant, the video showed in Court could not have been the same one recovered by Detective Kimmel on September 29, 2016. Defendant's argument is not supported by the evidence in the record. Defendant's computer forensic expert, Kyle McArdle, stated in his report that after reviewing and analyzing all data available associated with the video and how it was created, he was "unable to determine with forensic certainty if this video was collected on September 29 or September 30." (*Id*.) In addition, Detective Kimmel testified that he recovered the video on September 29, and that the video shown in Court was an "exact representation of the video" that he recovered from the private residence. (11/15/18 Hr'g Tr. 129-131.) There is simply no evidence that the video was altered or tampered with in any way, or that the video shown to the Court is not the video that was recovered from the private residence.